THOMAS MYERS, Esq. (SBN 120674)
Smith & Myers LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
(213) 613-2390
FACSIMILE — (213) 613-2395
E-MAIL — myers@smithmyerslaw.com

W. JAMES YOUNG, Esq.*
GLENN M. TAUBMAN, Esq.*
c/o National Right to Work Legal
    Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
(703) 321-8510
FACSIMILE — (703) 321-9319
E-MAIL — wjy@nrtw.org

ATTORNEYS FOR PLAINTIFFS

**FILED**
2008 OCT 27 PM 4:07
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| VALERIE GELLER; JOHN ACOSTA; SAI-LY ACOSTA; RANDY GRAVETT; ANNA ROSE NELSON; CAMERON STONE; AND SCOTT WRIGHT, <br><br>        Plaintiffs, <br><br> v. <br><br> PROFESSIONAL MUSICIANS LOCAL 47, AMERICAN FEDERATION OF MUSICIANS; MUSICIANS ASSOCIATION OF VENTURA COUNTY LOCAL 581, AMERICAN FEDERATION OF MUSICIANS; AND LOCAL 7, AMERICAN FEDERATION OF MUSICIANS, <br><br>        Defendants. | CASE No. CV08-07082 ODW AJWx <br><br> **PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES** |

## INTRODUCTION

This Duty of Fair Representation lawsuit seeks to enforce the Supreme Court's decisions in *Communications Workers of America v. Beck*, 487 U.S. 735 (1988), *Pattern Makers v. NLRB*, 473 U.S. 95 (1985), *Marquez v. Screen Actors Guild*, 525 U.S. 33 (1999), *NLRB v. General Motors Corp.*, 373 U.S. 734 (1963), and *Vaca v. Sipes*, 386 U.S. 171 (1967).

More specifically, Plaintiffs seek a judgment that the Defendant labor unions have unlawfully discriminated against them with regard to their employment, and violated the Duty of Fair Representation, solely because the Plaintiffs have chosen to exercise their statutory rights under Section 7 of the National Labor Relations Act, 29 U.S.C. § 157, to become and remain nonmembers of the unions and to pay reduced "financial core" fees instead of full union dues.

## JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, particularly the National Labor Relations Act, 29 U.S.C. § 141 *et seq.*, an Act of Congress regulating commerce. The jurisdiction of this Court, therefore, is invoked under 28 U.S.C. § 1331. Additionally, jurisdiction is based upon 29 U.S.C. § 185, in that this is a Duty of Fair Representation case that arises under one or more labor contracts between employers and unions covered by the National Labor Relations Act.

2. This is also a case of actual controversy where Plaintiffs are seeking a declaration of their rights under the National Labor Relations Act, 29 U.S.C. § 141 *et seq.* Under 28 U.S.C. §§ 2201 and 2202, this Court may declare the rights of Plaintiffs and grant further necessary and proper relief based thereon, including injunctive relief, pursuant to Rule 65, FED.R.CIV.P.

3. Pursuant to 28 U.S.C. § 1391(b) and § 1392, venue is proper in this Court because, the events giving rise to this case occurred, and because all Defendants either reside and/or have offices and conduct their business, in the judicial district of the

United States District Court for the Central District of California.

## PARTIES

4. Plaintiffs Valerie Geller, John Acosta, Sai-Ly Acosta, Randy Gravett, Anna Rose Nelson, Cameron Stone, and Scott Wright are all musicians employed at various times by various orchestras or production companies that have collective bargaining agreements with Locals 47, 7, and/or 581. The names of these orchestras or production companies include, but are not limited to, the New West Symphony Association, the South Coast Symphony, the Riverside Philharmonic, and the Long Beach Symphony. Plaintiffs are "employees" as defined by the National Labor Relations Act, 29 U.S.C. § 152(3).

5. Plaintiffs have each been employed, variously or in various combinations, with, *inter alia*, the New West Symphony Association, the South Coast Symphony, the Riverside Philharmonic, and the Long Beach Symphony, all of which are "employers" within the meaning of 29 U.S.C. § 152(2).

6. Defendant Professional Musicians Local 47, American Federation of Musicians ("Local 47") is a "labor organization" within the meaning of 29 U.S.C. § 152. Local 47 is affiliated with the American Federation of Musicians, which itself is a "labor organization" within the meaning of 29 U.S.C. § 152(5). Upon information and belief, Defendant Local 47 is affiliated with and pays monies to, *inter alia*, the American Federation of Musicians, and the American Federation of Labor-Congress of Industrial Organizations ("AFL-CIO").

7. Defendant Local 7, American Federation of Musicians ("Local 7") is a "labor organization" within the meaning of 29 U.S.C. § 152. Local 7 is affiliated with the American Federation of Musicians, which itself is a "labor organization" within the meaning of 29 U.S.C. § 152(5). Upon information and belief, Defendant Local 7 is affiliated with and pays monies to, *inter alia*, the American Federation of Musicians, and the American Federation of Labor-Congress of Industrial Organizations ("AFL-

CIO").

8. Defendant Musicians Association of Ventura County, Local 581, American Federation of Musicians ("Local 581"), is a "labor organization" within the meaning of 29 U.S.C. § 152. Local 581 is affiliated with the American Federation of Musicians, which itself is a "labor organization" within the meaning of 29 U.S.C. § 152(5). Upon information and belief, Defendant Local 581 is affiliated with and pays monies to, *inter alia*, the American Federation of Musicians, and the American Federation of Labor-Congress of Industrial Organizations ("AFL-CIO").

### FACTUAL ALLEGATIONS

9. Plaintiffs' employers, including but not limited to the orchestras identified in ¶ 5, *supra*, have entered into one or more collective bargaining agreements ("CBA") with Local 47, Local 7, or Local 581, the terms of which govern Plaintiffs' employment when they are working for those employers or are prospectively attempting to work for those employers.

10. These CBAs all contain some form of a "union security" or "union membership" clause, which purports to require all covered employees to join the unions and maintain "membership" as a condition of their employments.

11. However, such "union security" clauses cannot be enforced on their literal terms. Under the NLRA, all employees have the legal right to refrain from union membership and can instead pay a reduced "financial core" fee that covers the union's costs of representation. Such "financial core" payors are fully covered by the CBA, and are owed a Duty of Fair Representation by the union that represents them and their bargaining unit. *Vaca v. Sipes*, 386 U.S. 171 (1967); *Marquez v. Screen Actors Guild*, 525 U.S. 33 (1999); *Pattern Makers v. NLRB*, 473 U.S. 95 (1985); *NLRB v. General Motors Corp.*, 373 U.S. 734 (1963); *Communications Workers of America v. Beck*, 487 U.S. 735 (1988).

12. Plaintiffs were formerly members of Locals 47, 7, and/or 581. At various

times over the last several years, Plaintiffs resigned their memberships and became nonmembers of Locals 47, 7, and/or 581, and began paying a reduced agency or "financial core" fee in order to remain in compliance with the "union security" provisions of the CBAs maintained by their employers and the unions. At all times relevant hereto, Plaintiffs have paid the agency fees demanded by Locals 47, 7, and/or 581.

13.  Since Plaintiffs resigned their union memberships and became agency fee payers, and within the past six months, Locals 47, 7, and/or 581, and their agents or employees have engaged in various acts to blacklist Plaintiffs, discriminate against them, deny them fair representation, and limit their employment opportunities. These unlawful actions were taken solely because Plaintiffs chose to exercise their rights as employees under the NLRA, as set forth in *Vaca v. Sipes*, 386 U.S. 171 (1967); *Marquez v. Screen Actors Guild*, 525 U.S. 33 (1999); *Pattern Makers v. NLRB*, 473 U.S. 95 (1985); *NLRB v. General Motors Corp.*, 373 U.S. 734 (1963); *Communications Workers of America v. Beck*, 487 U.S. 735 (1988).

14.  More specifically, Locals 47, 7, and/or 581, and their agents or employees have informed those among Plaintiffs' employers with CBAs with Locals 47, 7, and/or 581 that Plaintiffs and other financial core payers were not "in good standing" with the unions and were therefore not eligible to work for those orchestras and producers, and were not eligible to work with other musicians who were union members. This has led various orchestras and producers to refuse to hire Plaintiffs in one or more capacities, in the mistaken and false belief that Plaintiffs have not complied with the "union security" requirements of the CBAs, when in fact and in law they have fully complied by paying the reduced fees demanded of them by Defendants.

15.  Additionally, Defendant Local 47 owns and operates a rehearsal facility which it makes available to various employers with which it has entered into CBAs. Defendant Local 47 bars and is attempting to bar nonmembers from its rehearsal facility, thus seeking to lead various orchestras and producers to deny employment to

1  employees exercising their rights under *Beck, supra.*

2      16.   More specifically, Defendant Local 7 has arbitrarily, discriminatorily, and
3  in complete bad faith negotiated a CBA with South Coast Symphony ("SCS"), one of
4  Plaintiff Geller's employers, which purports to require that the orchestra's
5  "CONTRACTOR/PERSONNEL MANAGER shall be a member of the Union....," and
6  attempted to apply the literal terms of that agreement, thus discriminating against
7  employees who exercise their rights pursuant to § 7 of the National Labor Relations
8  Act, 29 U.S.C. § 157, as set forth in *Vaca v. Sipes*, 386 U.S. 171 (1967); *Marquez v.
9  Screen Actors Guild*, 525 U.S. 33 (1999); *Pattern Makers v. NLRB*, 473 U.S. 95
10 (1985); *NLRB v. General Motors Corp.*, 373 U.S. 734 (1963); *Communications
11 Workers of America v. Beck*, 487 U.S. 735 (1988).

## CAUSE OF ACTION

### FIRST CLAIM FOR RELIEF — DUTY OF FAIR REPRESENTATION

   17.  The actions of Locals 47, 7, and/or 581, which hinder Plaintiffs in their search for work, and deny them employment opportunities, violate the Duty of Fair Representation that the unions owe to the Plaintiffs and all other employees regardless of their membership or nonmembership in Defendants.

### SECOND CLAIM FOR RELIEF — BREACH OF CONTRACT

   18.  The actions of Locals 47, 7, and/or 581, which hinder Plaintiffs in their search for work, and deny them employment opportunities, violate the collective bargaining agreements that the unions, as Plaintiffs' monopoly bargaining agents, have entered into with the orchestras and producers.

### CLAIM FOR RELIEF

Plaintiffs reassert the foregoing and, as relief, pray for judgment as follows:

   A.   a declaration that the conduct of Locals 47, 7, and/or 581 was and is

1 | unlawful under the NLRA, the Duty of Fair Representation, and the CBAs;

2 |     B.   an injunction against the unions to stop them from repeating this and
3 | similar discriminatory conduct against the Plaintiffs;

4 |     C.   damages for the many lost employment opportunities that Plaintiffs have
5 | suffered as a result of the unions' unlawful conduct;

6 |     D.   other damages that the Plaintiffs have suffered as a result of the union's
7 | unlawful conduct;

8 |     E.   any other relief the Court deems just and appropriate, including punitive
9 | damages and attorney's fees; and

10 |     F.   such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Thomas Myers (SBN 120674)
Smith & Myers LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
(213) 613-2390
FACSIMILE — (213) 613-2395
E-MAIL — myers@smithmyerslaw.com

W. JAMES YOUNG, Esq.*
GLENN M. TAUBMAN, Esq.*
c/o National Right to Work Legal
    Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
(703) 321-8510
FACSIMILE — (703) 321-9319
E-MAIL — wjy@nrtw.org

ATTORNEYS FOR PLAINTIFFS

By _____
    Thomas Myers

\* Motion for Admission *Pro Hac Vice* to be submitted.

1. unlawful under the NLRA, the Duty of Fair Representation, and the CBAs;
2.    B.   an injunction against the unions to stop them from repeating this and similar discriminatory conduct against the Plaintiffs;
3.    C.   damages for the many lost employment opportunities that Plaintiffs have suffered as a result of the unions' unlawful conduct;
4.    D.   other damages that the Plaintiffs have suffered as a result of the union's unlawful conduct;
5.    E.   any other relief the Court deems just and appropriate, including punitive damages and attorney's fees; and
6.    F.   such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Thomas Myers (SBN 120674)  
Smith & Myers LLP  
333 South Hope Street, 35th Floor  
Los Angeles, California  90071  
(213) 613-2390  
FACSIMILE — (213) 613-2395  
E-MAIL — myers@smithmyerslaw.com

W. JAMES YOUNG, Esq.*  
GLENN M. TAUBMAN, Esq.*  
c/o National Right to Work Legal  
    Defense Foundation, Inc.  
8001 Braddock Road, Suite 600  
Springfield, Virginia  22160  
(703) 321-8510  
FACSIMILE — (703) 321-9319  
E-MAIL — wjy@nrtw.org

ATTORNEYS FOR PLAINTIFFS

By _____  
    Thomas Myers

\* Motion for Admission *Pro Hac Vice* to be submitted.